THE STATE, DEFENDANT IN ERROR, v. HARRIS GROSSMAN AND ANNIE GROSSMAN, PLAINTIFFS IN ERROR.

Submitted March 19, 1920—Decided June 8, 1920.

1. It is not an abuse of the discretion of the court to refuse a motion for adjournment on the ground that an associate counsel, who had only recently been retained, had not had the opportunity to familiarize himself with his case.

2. A motion to quash an indictment is addressed to the discretion of the court, and a ruling on such a motion is not reviewable on strict bill of exceptions or under the one hundred and thirty-sixth section of the Criminal Procedure act.

3. Where an indictment charged the defendants with maintaining a disorderly house in the city of Newark, in the county of Essex, an amendment thereto inserting a more specific description of the location of the house alleged to have been disorderly does not charge an offence not presented by the grand jury.

4. The presumption that where a married woman commits an offence in the presence of her husband she is presumed to have acted under his coercion is not conclusive, but is subject to be rebutted by proof that such coercion did not exist, and where there is evidence showing freedom of action on the part of the wife, the question whether such presumption is rebutted is one for the jury.

On error to the Essex County Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the plaintiffs in error, *Edward Schoen.*

For the state, *J. Henry Harrison,* prosecutor of the pleas, and *John A. Bernhard,* assistant prosecutor.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The defendants were indicted for and convicted of the offence of maintaining a disorderly house in the city of Newark. The record shows that the indictment was presented on the 18th day of March, 1919, and that two days later the defendants were arraigned and pleaded not guilty. The trial was then set for the 10th day of April following, and on this day (and before the drawing of the jury) Mr. Schoen appeared as counsel for the defendants and moved an adjournment on the ground that he had been retained in the case only two days before; that the indictment did not specify the locality of the place where the offence charged therein had occurred; and that he had the day before served a notice upon the prosecutor of the pleas calling for this information, and had received no reply. There was no suggestion that the defendants were in fact ignorant of the identity of the building referred to in the indictment. The motion to postpone was refused, for the reason that when the defendants were put at the bar to plead they were represented by counsel who was still engaged in the case, and, that the fact that Mr. Schoen had been called in as associate counsel so late that he had been unable to familiarize himself with the facts, afforded no ground for a postponement.

The first ground upon which we are asked to reverse this conviction is based upon the judicial action just referred to. It is not denied that ordinarily a motion to postpone is addressed to the discretion of the court, but it is contended that under the circumstances existing in this particular case, and especially in view of the impossibility of counsel being able to properly defend his client with only two days afforded him for preparation, the refusal constituted a gross abuse of that discretion. We cannot concur in this view. To do so would practically be to hold that whenever the defendant in a crimi-

nal case saw fit to employ additional counsel a day or two before that set for the trial of the case, an adjournment on his application should follow almost as a matter of course. Under such a system of administering the law the actual trial could be postponed at the will of the defendant himself as frequently as he might desire, provided his financial condition would permit him, whenever the day set for the trial was near at hand, to employ additional counsel to assist in the defence. It is hardly necessary to say that no such doctrine is recognized in the criminal law.

Upon the refusal of the motion to postpone counsel then moved to quash the indictment upon the ground that it was not sufficiently specific in its allegation of the place where the offence laid in it had been committed. This motion was refused and the refusal is specified as a ground for reversal. It is enough to say with relation to this phase of the case that in *State* v. *Pisaniello,* 88 *N. J. L.* 262, it was declared by the Court of Errors and Appeals that a motion to quash was addressed to the discretion of the court, and, consequently, the ruling of the court upon the motion was not reviewable on strict bill of exceptions, and, further, that it was not reviewable under the one hundred and thirty-sixth section of the Criminal Procedure act, because it was not a matter occurring during the trial of the case, but preceded that trial. The rule there laid down was reiterated by that court in *State* v. *Rosenberg.* 92 *Id.* 525, and again in *State* v. *Riggs, Id.* 575.

After the refusal of the motion to quash the prosecutor of the pleas asked leave to have the indictment amended by inserting therein a more specific description of the location of the house alleged to have been disorderly, to wit, "at the premises and house located at number 219 West Kinney street, Newark." The amendment was permitted over the objection of counsel, and it is now argued before us that it was an invasion of the constitutional rights of the defendants because, as amended, the indictment charged an offence not presented against them by the grand jury. If the amendment had the effect suggested we should have no doubt that the present conviction should be set aside. Our difficulty, how-

ever, is to see that the indictment as amended charges an offence against the defendants not found by the grand jury. That body presented the defendants for maintaining a disorderly house in the city of Newark, in the county of Essex. The amendment makes no new charge. On the contrary, it merely makes that which is laid in the indictment more specific. In other words, counsel for the defendants, having asserted that the indictment was too general in its form, because it failed to locate with sufficient accuracy the premises averred to be conducted in a disorderly manner, the trial court considered that it should be amended in this respect so that it might inform the defendants of the very fact upon which they demanded information from the prosecutor of the pleas by the service upon him of the notice which has been earlier referred to. We think the making of the amendment was within the powers of the trial court, and that the conviction should not be reversed upon this ground.

Another ground upon which we are asked to set aside this conviction is based upon an error of fact contained in the charge of the court to the jury. In the course of his instruction the trial judge said: "There has been some reference made to a trial or proceeding in which the same evidence was evolved in the police court * * * and that there was a conviction in the case." As a matter of fact, there was nothing in the proofs to show that the defendants had been convicted in the police court, but, as it seems to us, the misstatement of fact was entirely harmless, for the court followed it up immediately by saying: "But that fact should have no weight with you here." It is argued by counsel that this misstatement of fact must have been injurious to the defendants because the jury might have been influenced by the statement that a previous tribunal had weighed the same testimony, and arrived at a verdict of guilty. We are not willing to assume that the jury would have been influenced by the inaccurate recital of facts in face of the specific instruction that those facts should have no weight with them in their consideration of the case.

It is further contended that the trial judge erroneously refused to charge certain requests submitted by the defendants, but we think that the contention rests upon a misapprehension of the facts. Our examination of the requests, and of the charge itself, satisfies us that substantially all the requests, so far as they were legally sound, and so far as they were applicable to the case, were charged by the trial court.

Lastly, it is said that the court erred in refusing to direct a verdict in favor of the defendant Annie Grossman, and in denying a motion in arrest of judgment in her behalf. The argument is, that a married woman who joins with her husband in the commission of a crime is presumed to have acted by the coercion of her husband, and for this reason the law will not permit her to be punished for her act. The rule upon this subject is not accurately stated by counsel. In the case of *State* v. *Martini,* 80 *N. J. L.* 685, Mr. Justice Minturn, writing for this court, declares the rule to be "that where a married woman commits an offence (except, probably, murder and manslaughter) in the presence of her husband, or, though not in his presence, near enough to be under his immediate influence and control, she is presumed to have acted, not voluntarily, but under his coercion, and he is responsible, while she is excused." He then goes on to point out that the presumption of coercion which this rule recognizes is not a conclusive one, but is subject to be rebutted by proof submitted by the state of its non-existence. The question, therefore, always is, in a case like that before us (where there is evidence showing freedom of action by the wife) has the presumption been rebutted by the facts proved; and that question is one for the determination of the jury. This was the view which led the trial court to refuse to direct an acquittal of the female defendant, or to arrest judgment against her, and, consequently, there was no error in this judicial action.

The judgment under review will be affirmed.